IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| STEWART C. SMITH, | : | CIVIL ACTION NO. **1:CV-09-0889** |
| | : | |
| Plaintiff | : | (Judge Conner) |
| | : | |
| v. | : | (Magistrate Judge Blewitt) |
| | : | |
| OFFICER JOHN HANUSKA, | : | |
| et al., | : | |
| | : | |
| Defendants | : | |

**REPORT AND RECOMMENDATION**

**I. Background.**

On May 11, 2009, Plaintiff, Stewart C. Smith, currently an inmate at the State Correctional Institution at Albion ("SCI-Albion"), Albion, Pennsylvania, filed, *pro se*, the instant civil rights action pursuant to 42 U.S.C. § 1983 and § 1985(3). (Doc. 1).[1] Plaintiff properly filed his action in the United States District Court for the Middle District of Pennsylvania since his claims took place in the Middle District of Pennsylvania, i.e. West Manchester Township, York County, PA, and all Defendants are located in the Middle District of Pennsylvania. Plaintiff filed two *in forma pauperis* Motions. (Docs. 2 and 7). Plaintiff does not complain about any conditions of confinement and his present action is not related to his present incarceration. (Doc.1, p. 1).

Plaintiff names the following four (4) Defendants: Police Officer John Hanuska; Detective David Bixler; PA State Parole Agent Brian Shaffer; and Police Officer(s) John

---

[1] For present purposes, we will refer to Plaintiff's 5-page typed Complaint as Doc. 1 herein. Plaintiff also attached 2 exhibits to his Complaint, Exs. A and B, which consist of West Manchester Township Police Incident Investigation Reports concerning Plaintiff's June 4, 2007 arrest.

Doe(s). (*Id.*). Defendants Hanuska and Bixler were employed by the West Manchester Township Police Department.

Plaintiff correctly states that this Court has jurisdiction over this § 1983 civil rights case pursuant to 28 U.S.C. § 1331 and § 1343. (*Id.*).

## II. Allegations of Complaint.

As stated, Plaintiff names four Defendants. Plaintiff states that he sues all of the Defendants in their official and individual capacities. (*Id.*). Plaintiff requests compensatory and punitive damages.[2] (Doc. 1, p. 4).

Plaintiff averred that on June 4, 2007, Defendant Hanuska, a police officer, subjected Plaintiff to profiling based on Plaintiff's prior dealings with the law by running Plaintiff's license plate through the National Crime Information Center (NCIC) without probable cause nor reasonable suspicion of criminal activity. (*Id.,* ¶ 18). Plaintiff alleged that at the time he was merely sitting in his car at the side of the road in order to speak on the phone. (*Id.*, ¶ 1). Plaintiff stated that he was subsequently arrested and his vehicle was "ransacked" by Defendant Hanuska "along with John Doe(s)." (*Id.*, ¶'s 11-12). Plaintiff also stated that Defendant Hanuska articulated added facts at both a preliminary hearing and a suppression hearing that were not included in the affidavit of probable cause. (*Id.*, ¶'s 19-20). Plaintiff averred that the suppression court judge ruled that the officer's actions were not justified and

---

[2]As stated above, Plaintiff has requested monetary damages. To the extent that he sues Defendants in their official capacities and seeks monetary damages, it is well settled that this request is barred by the Eleventh Amendment. (Doc. 1, pp. 2-5). The Eleventh Amendment does not bar a suit against a state official in his personal capacity. *See Atwell v. Schweiker*, 2007 WL 2900565 (3d Cir.) (Non-Precedential). Thus, we will recommend that Plaintiff's requests for monetary damages against all Defendants in their official capacities be dismissed.

dismissed the criminal charges filed against him. (*Id.*, ¶ 21).

Plaintiff claims that the alleged acts by Defendant Hanuska subjected him to the "use of excessive force, false arrest, illegal search and seizure, false imprisonment...emotional injuries including mental distress and anguish, loss of liberty, loss of employment, [un]equal protection of the law, malicious prosecution, and selective law enforcement practices all in violation of the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution." (*Id.*, ¶'s 18, 24). Plaintiff also claims that these acts violated his civil and constitutional rights under color of state law pursuant to 42 U.S.C. § 1983. (*Id.,* ¶ 23).

Plaintiff averred that Defendants Bixler and Shaffer, in order to have him imprisoned for violating his parole, entered into a conspiracy on June 24, 2007, in violation of § 1985(3), to secure an arrest warrant and commence the subsequent judicial process, for reasons other than bringing Plaintiff to justice and without probable cause. (*Id.,* ¶'s 27, 32). Plaintiff stated that Defendant Bixler, a police detective, wrote an affidavit of probable cause on June 24, 2007 based on the aforementioned events of June 4, 2007 because Defendant Shaffer, a state parole officer, requested that he do this so that Defendant Shaffer would be able to detain Plaintiff for violating his parole. (*Id.*, ¶'s 28, 30). Plaintiff claims Defendant Bixler had no direct knowledge or involvement in the events of June 4, 2007, and that Bixler's affidavit resulted in Plaintiff's illegal confinement. (*Id.,* ¶ 25). Plaintiff claims that the alleged acts by Defendant Bixler constitute a violation of 42 U.S.C. § 1985(3) and, as a result of these acts, he has "suffered emotional injuries including mental distress and anguish, loss of liberty, loss of employment, false arrest, false imprisonment, equal protection of the law, [and lack of] due process, all in violation of the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution." (*Id.,* ¶'s 28-29).

3

Plaintiff claims the alleged acts by Defendant Shaffer, *i.e.* contacting the West Manchester Police Department requesting Plaintiff's arrest so he could be detained, resulted in him suffering "emotional injuries including mental distress and anguish, loss of liberty, false arrest, malicious prosecution, equal protection of the law and abuse of the judicial process for personal use not authorized by the state to effectuate Plaintiff's loss of liberty in an arbitrary fashion in violation of the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution. (*Id.*, ¶ 33). Plaintiff states that, "on June 24, 2007, Plaintiff was already in custody on a parole warrant and held at central booking for hours and hours awaiting to be re-arrested on charges from June 4, 2007 at the request of this agent." (*Id.*, ¶ 31).

Plaintiff averred that Defendant(s) Officer(s) John Doe(s), "ransacked" his vehicle on June 4, 2007, along with Defendant Hanuska, without probable cause nor a reasonable suspicion of criminal activity. (*Id.*, ¶ 34). Plaintiff claims that this act constitutes a violation of the Fourth Amendment to the United States Constitution. (*Id.,* ¶ 35).

Plaintiff seeks specific compensatory damages, jointly and severally, as follows: Defendant Hanuska ($70,000); Defendant Bixler ($15,000); Defendant Shaffer ($5,000); and Defendant John Doe(s) ($500). (*Id.,* p. 4). Plaintiff also seeks specific punitive damages as follows: Defendant Hanuska ($10,000); Defendant Bixler ($4,000); Defendant Shaffer ($1,000); and Defendant John Doe(s) ($1,000).[3] (*Id.*). Further, Plaintiff seeks declaratory relief. (*Id.*).

---

[3] Plaintiff's relief requests for specific amounts of compensatory and punitive damages from Defendants should be stricken from his Complaint. (Doc. 1, p. 4). Since Plaintiff seeks unliquidated damages, he cannot claim a specific sum of relief pursuant to Local Rule 8.1, M.D. Pa. *See Stuckey v. Ross*, Civil No. 05-2354, M.D. Pa., 1-9-06 Order, J. McClure.

## III. PLRA.

As stated, the Plaintiff filed two applications to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. (Docs. 2 and 7). The Prison Litigation Reform Act of 1995,[4] (the "PLRA"), obligates the Court to engage in a screening process when a prisoner wishes to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915.[5] Specifically, Section 1915(e)(2), which was created by § 805(a)(5) of the Act, provides:

> (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that (A) the allegation of poverty is untrue; or (B) the action or appeal (I) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief.

## IV. Section 1983 Standard.

In a § 1983 civil rights action, the Plaintiff must prove the following two essential elements: (1) that the conduct complained of was committed by a person acting under color of state law; and (2) that the conduct complained of deprived the Plaintiff of rights, privileges or immunities secured by the law or the Constitution of the United States. *Parratt v. Taylor*, 451 U.S. 527 (1981); *Kost v. Kozakiewicz*, 1 F. 3d 176, 184 (3d Cir. 1993). Further, Section 1983 is not a source of substantive rights. Rather, it is a means to redress violations of federal law by state actors. *Gonzaga Univ. v. Doe*, 536 U.S. 273, 284-85 (2002).[6] *See also*

---

[4] Pub. L. No. 104-134, 110 Stat. 1321 (April 26, 1996).

[5] The Plaintiff filed two applications to proceed *in forma pauperis* with this Court and an authorization to have fund deducted from his prison accounts. The court then issued an administrative order directing the warden to commence deduction of the full filing fee due the court from the Plaintiff's prison trust fund account. (Docs. 2, 7, 8, and 9).

[6] Plaintiff alleges in his pleading that the three named Defendants are a police officers, a police detective, and a state parole agent. (Doc. 1, p. 1). This is sufficient to

*Holocheck v. Luzerne County Head Start, Inc.*, 385 F. Supp. 2d 491, 498-499 (M. D. Pa. 2005).

It is well established that personal liability under section 1983 cannot be imposed upon a state official based on a theory of *respondeat superior*. *See, e.g., Rizzo v. Goode*, 423 U.S. 362 (1976); *Hampton v. Holmesburg Prison Officials*, 1546 F.2d 1077, 1082 (3d Cir. 1976); *Parratt, supra*. It is also well settled in the Third Circuit that personal involvement of defendants in alleged constitutional deprivations is a requirement in a § 1983 case and that a complaint must allege such personal involvement. *Id.* Each named defendant must be shown, through the complaint's allegations, to have been personally involved in the events or occurrences upon which Plaintiff's claims are based. *Id.* As the Court stated in *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1998):

> A defendant in a civil rights action must have personal involvement in the alleged wrongs . . . . [P]ersonal involvement can be shown through allegations of personal direction or of actual knowledge and acquiescence. Allegations of participation or actual knowledge and acquiescence, however, must be made with appropriate particularity. (Citations omitted).

A civil rights complaint must state time, place, and responsible persons. *Id.* Courts have also held that an allegation seeking to impose liability on a defendant based on supervisory status, without more, will not subject the official to section 1983 liability. *See Rode,* 845 F.2d at 1208.

**V. Motion to Dismiss Standard.**

The Court in *O'Connell v. Sobina*, 2008 WL 144199, *2 (W.D. Pa.), set forth the new standard to dismiss, as annunciated by the Supreme Court in *Bell Atlantic Corp. v. Twombly*,

---

show that these Defendants are state actors for purposes of §1983.

550 U.S. ---, 127 S. Ct. 1955 (2007), as follows:

> As the United States Supreme Court recently held in *Bell Atlantic Corp. v. Twombly*, [550] U.S. —, 127 S.Ct.1955, 167 L.Ed.2d 929 (May 21, 2007), a complaint must be dismissed pursuant to Fed.R.Civ.P. 12(b)(6) if it does not allege "enough facts to state a claim to relief that is plausible on its face." *Id.* at 1974 (rejecting the traditional 12(b)(6) standard set forth in *Conley v. Gibson*, 355 U.S. 41, 45-46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957)). The court must accept as true all allegations of the Complaint and all reasonable factual inferences must be viewed in the light most favorable to plaintiff. *Angelastro v. Prudential-Bache Securities, Inc.*, 764 F.2d 939, 944 (3d Cir. 1985).
>
> The Court, however, need not accept inferences drawn by plaintiff if they are unsupported by the facts as set forth in the complaint. *See California Pub. Employee Ret. Sys. v. The Chubb Corp.*, 394 F.3d 126, 143 (3d Cir. 2004) (citing *Morse v. Lower Merion School Dist.*, 132 F.3d 902, 906 (3d Cir. 1997)). Nor must the court accept legal conclusions set forth as factual allegations. *Bell Atlantic Corp.*, 127 S.Ct. at 1965 (citing *Papas an v. Allain*, 478 U.S. 265, 286, 106 S.Ct. 2932, 92 L.Ed.2d 209 (1986)). "Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp.*, 127 S.Ct. at 1965. Although the United States Supreme Court does "not require heightened fact pleading of specifics, [the Court does require] enough facts to state a claim to relief that is plausible on its face." *Id.* at 1974.

*See also Kokinda v. Breiner*, 557 F. Supp. 2d 581, 588 (M.D. Pa. 2008).

The Court uses the same standard to screen a complaint under the PLRA as it does for a 12(b)(6) motion to dismiss. *See O'Connell v. Sobina*, 2008 WL 144199, *3 (W.D. Pa.).

## VI. Discussion.

### A. Claims against John Doe(s) Defendant(s)

As stated, Plaintiff alleges that the unnamed John Doe(s) police officer(s) "ransacked [his] vehicle [on June 4, 2007] without probable [cause] nor a reasonable suspicion of criminal activity and without a search warrant." Plaintiff states that this conduct violated his Fourth

7

Amendment rights. Plaintiff alleges that this conduct caused him damages as well as "emotiona[l] injuries including mental distress and aguish." (*Id.*, p. 4). We do not find any other claims against the John Doe(s).

There is nothing in a civil rights action to allow service on an unnamed defendant. The Court does not have the ability to direct service on such a Defendant due to Plaintiff's failure to specifically identify him, and this warrants dismissal of the claims against the unnamed Defendant. *See Vollmer v. Bowles*, 1997 WL 102476 at * 2 (N.D. Tex 1997); *Siguradson v. DelGuercio*, 241 F. 2d 480, 482 (9th Cir. 1956) (claims against John Doe Defendants dismissed as frivolous because federal rules make no provision for joining fictitious Defendants in an action under a federal statute).

Therefore, we shall recommend that the John Doe(s) Defendant(s) be dismissed without prejudice.[7] *See Vieux v. Smith*, 2007 WL 1650579 (M.D. Pa.).

*B. State Law Claims*

To the extent that Plaintiff is attempting to also raise state law tort claims in his § 1983 civil rights action, such as intentional or negligent infliction of emotional distress claims, and invoke this Court's supplemental jurisdiction under 28 U.S.C. § 1367 (*Id.*), we will recommend that any state law tort claim be dismissed. The law is clear that negligence is not a basis for a § 1983 action. *See Davidsen v. O'Lone,* 752 F.2d 817 (3d Cir. 1984); *Daniels v. Williams*, 474 U.S. 327 (1986). Thus, insofar as Plaintiff is raising any state tort law claims, they should be dismissed. *See also Dantzler v. Beard*, 2006 WL 3694515, * 5 ( W.D. Pa.) (no state law claims in civil rights action since no waiver of sovereign immunity for them by State).

---

[7] If Plaintiff is able to learn the names of any John Doe Defendant during discovery, he can file a motion for leave to amend his Complaint.

The Court in *Kretchmar v. Beard*, 2006 WL 2038687, * 3 (E.D. Pa.), stated that the inmate's state law claims were barred by the Eleventh Amendment and dismissed them for lack of subject matter jurisdiction. The *Kretchmar* Court also stated:

> "To the extent that Plaintiff brings this action for violations of federal law, pursuant to § 1983 and RLUIPA, his suit against Defendants for injunctive and declaratory relief is permitted by the *Young* exception to Eleventh Amendment immunity. Plaintiff's claims for violations of state law, however, do not fall under the exception of *Young,* and cannot be brought in federal court. " *Id.*

Based on *Kretchmar* and *Dantzler*, we find that any Plaintiff's pendent state law claims in this § 1983 action are barred by the Eleventh Amendment and shall recommend that they be dismissed.[8] *Id. See also Keys v. Beard,* Civil No. 07-0337 (M.D. Pa.), Doc. 20.

*C. Recovery for Emotional Injuries including Mental Distress and Anguish*

Plaintiff seeks damages for emotional injuries including mental distress and anguish without alleging any physical injury. (Doc. 1, ¶'s 24, 29, 33, and 36). This claim is precluded since he has not alleged physical injury. *See* 42 U.S.C. § 1997e(e). The law is clear that a plaintiff may not file a federal civil rights action based on a claim of mental or emotional injury seeking compensatory damages without any prior showing of physical injury. Here, the Plaintiff does not claim any physical injury. Thus, Plaintiff's claim for damages for emotional distress is precluded and should be dismissed. *Allah v. Al-Hafeez,* 226 F.3d 247, 250-251 (3d Cir. 2000). *See also Mower v. DCP*, 2005 WL 1322738 (M.D. Pa.).

---

[8] Plaintiff is not specific in his Complaint whether his claims for malicious prosecution, false arrest, and false imprisonment are under § 1983 or state law or both. For present purposes, we presume Plaintiff intended to make the claims under both grounds. The abuse of process claim can only be made under state law. As stated, it is recommended that all state law claims be dismissed.

*D. §1983 Malicious Prosecution and False Arrest Claims Under the Fourth Amendment*

Plaintiff claims that he was maliciously prosecuted by Defendants Hanuska and Shaffer and falsely arrested by Defendants Hanuska, Bixler, and Shaffer. (Doc. 1, ¶'s 24, 29, 33). He alleges that Defendant Hanuska, on June 4, 2007, profiled him based on the N.C.I.C. report because of Plaintiff's prior dealings with the law and arrested/detained him without probable cause and without reasonable suspicion of criminal activity. (*Id.*, ¶'s 16,18). Plaintiff also alleges that Defendant Hanuska stated additional facts that were not included in the affidavit of probable cause at a preliminary hearing and a suppression hearing. (*Id.*, ¶'s 19-20). Plaintiff claims that Defendant Bixler, on June 24, 2007, obtained a defective arrest warrant by writing an affidavit of probable cause based on events of June 4, 2007 Defendant Bixler did not witness. (*Id.*, ¶'s 26,28). Plaintiff claims as a result of Defendant Bixler's actions he was illegally detained and confined without probable cause. (*Id.*, ¶ 27). Plaintiff also alleges that Defendant Shaffer conspired with Defendant Bixler to procure the defective arrest warrant and commence the subsequent judicial process "for reasons other than bringing the Plaintiff to justice." (*Id.*, ¶ 32).

Since Plaintiff alleges that Defendants arrested him, took him into custody, and filed criminal charges against him, we find that his § 1983 malicious prosecution and false arrest claims are brought under the Fourth Amendment. *See Kokinda v. Breiner,* 557 F. Supp. 2d at 589.

The Court in *Johnson v. Knorr*, 477 F. 3d 75, 82 (3d Cir. 2007), stated that "[m]alicious prosecution differs from false arrest inasmuch as '[a] claim for false arrest, unlike a claim for malicious prosecution, covers damages only for the time of detention until the issuance of process or arraignment, and not more.' (citations omitted). Unlike a claim for false arrest, a

malicious prosecution claim allows for "damages for confinement imposed pursuant to legal process." *Id.* (citation omitted).

As the Third Circuit indicated in *Backof v. New Jersey State Police*, 2004 WL 260779 *3 (3d Cir. 2004) and *Johnson* that with respect to the elements of a § 1983 malicious prosecution claim based on the Fourth Amendment, the following are the requisite elements of a § 1983 malicious prosecution claim:

> At a minimum, a plaintiff must allege (1) deprivation of liberty (or perhaps some other constitutional right [FN6]) separate from substantive due process, *Albright v. Oliver*, 510 U.S. 266, 271 n. 4, 114 S.Ct. 807, 127 L.Ed.2d 114 (1994); (2) an absence of probable cause for initiation of the criminal proceedings, *Montgomery v. DeSimone*, 159 F.3d 120, 124 (1998); and (3) termination or reversal of criminal proceedings by reason of the plaintiff's innocence, [FN7] *Heck v. Humphrey,* 512 U.S. at 484; *Smith*, 87 F.3d at 110.
>
> Following the Supreme Court's 1994 decision in *Albright*, we concluded that "prosecution without probable cause is not, in and of itself, a constitutional tort. Instead, the constitutional violation is the deprivation of liberty accompanying the prosecution. Thus . . . a plaintiff asserting a malicious prosecution claim must show some deprivation of liberty consistent with the concept of seizure." *Gallo v. City of Philadelphia*, 161 F.3d 217, 222 (3d Cir. 1998) (internal quotations and citations omitted).

*Backof v. New Jersey State Police*, 2004 WL 260779 *3 (3d Cir. 2004); *Johnson v. Knorr*, 477 F. 3d 75, 82 (3d Cir. 2007); *Kokinda*, 557 F. Supp. 2d at 590-91.

In a § 1983 malicious prosecution claim, Plaintiff must show that he suffered a deprivation of liberty consistent with the concept of seizure as a consequence of a legal proceeding. As the Court in *Benard v. Wash. County*, 465 F. Supp. 2d 461, 469 (W.D. Pa. 2006), stated, "a Fourth Amendment seizure did not occur in *DiBella [v. Borough of Beachwood*, 407 F. 3d 599, 603 (3d Cir. 2005)] where a Plaintiff was issued a summons, but

11

was not arrested, did not post bail, was free to travel, did not have to report to pretrial services, and simply was required to attend trial." The Plaintiff in *Benard* also alleged that she was arrested and had to attend court proceedings, and that she was released on her own recognizance and required to notify the court if she changed her address. Plaintiff Benard failed to allege in the pleading "imposed restrictions which amount to a seizure." *Id.*

As the Third Circuit stated in *Pardue v. Gray*, 136 Fed. Appx. 529 (3d Cir. 2005), C.A. No. 04-2784, 3d Cir. June 27, 2005 (Non-Precedential), slip op. pp. 4-5, "[i]n order to prevail on a § 1983 malicious prosecution claim, the Plaintiff must show an absence of probable cause for initiating the criminal proceedings."

Regarding the § 1983 malicious prosecution claim against Defendant Hanuska, Plaintiff's allegations fail to establish all three elements outlined above. While Plaintiff alleges he was arrested, taken into custody and charged without probable cause and, that the charges were subsequently dismissed, he does not allege that he was actually imprisoned for any period of time as a result of the June 4, 2007 incident. (Doc. 1, ¶'s 12, 21). Specifically, Plaintiff alleges:

> "[I] was arrested and taken to central booking where [I] was fingerprinted, photographed, processed and explained to of said charges and that [I] would be receiving a summons in the mail. [I] explained to the officer that [I] was on parole and they contacted parole to determine what procedures to follow. Parole determined that no parole hold/detainer would [be] issue[d] due to the arrest. This officer determined [that I should be released] as required by [R]ule 519(b) of the Pa. [R]ules of [C]riminal [P]rocedure."

(*Id.*, ¶'s 12-15).

As *Bernard* showed, being arrested and being forced to attend judicial proceedings is not enough to show that a plaintiff's liberty has been deprived. *See Penberth v. Krajnak*, 2008

U.S. Dist. LEXIS 13018. As a result, Plaintiff Smith cannot satisfy the first element for a malicious prosecution claim under § 1983 and therefore, it will be recommended that his malicious prosecution claim against Defendant Hanuska be dismissed.

Regarding the § 1983 malicious prosecution claim against Defendant Shaffer, Plaintiff fails to show that Defendant Shaffer personally initiated criminal proceedings in the absence of probable cause. Plaintiff alleges that on June 24, 2007, Defendant Shaffer requested to Defendant Bixler that Plaintiff be arrested again so that Shaffer could detain him. (*Id.*, ¶ 30). Plaintiff states that, "[O]n [J]une 24, 2007, [P]laintiff was already in custody on a parole warrant and held at central booking for hours and hours awaiting to be re-arrested on charges from [J]une 4, 2007, at the request of [Defendant Shaffer]." (*Id.*, ¶ 31). Plaintiff concludes, "[A]s a result of the aforementioned act [Defendant Shaffer] abused the judicial process for personal reasons and entered into a conspiracy with David Bixler in procuring an arrest warrant and commencing a subsequent judicial process for reasons other than bringing the plaintiff to justice." (*Id.*, ¶ 32). Plaintiff fails to state that the "subsequent judicial process", i.e. the parole violation proceedings, were terminated or reversed because of Plaintiff's innocence, as *Heck* requires. (*Id.*, ¶ 32.).

Plaintiff does not indicate if the state court found that he violated his parole due to his June 4, 2007 arrest for possession of narcotics and drug paraphernalia. Nor does Plaintiff indicate if his present confinement at SCI-Albion is due to his June 24, 2007 arrest on the parole violation warrant and a subsequent finding that he violated his state parole. Thus, Plaintiff fails to state if the parole violation proceedings initiated against him by Defendant Shaffer were dismissed or if he was successful in showing that he did not violate his parole.

Therefore, Plaintiff cannot satisfy the first and third requirements for malicious prosecution under § 1983 with respect to Defendant Shaffer and therefore, it will be recommended that the malicious prosecution claim against Defendant Shaffer be dismissed.

A claim under § 1983 for false arrest is grounded in the Fourth Amendment guarantee against unreasonable seizures. *Garcia v. County of Bucks,* 155 F.Supp.2d 259, 265 (E.D.Pa.2001) (citing *Groman v. Twp. of Manalapan,* 47 F.3d 628, 636 (3d Cir.1995). To succeed on a § 1983 false arrest claim, as the court in *Barnes v. Plainsboro Twp. Police Dep't,* Civ. A. No. 07-1776(JAG), 2007 WL 2011264, at *2 (D.N.J. July 6, 2007) showed, "a plaintiff must [establish] two elements: (1) that there was an arrest; and (2) that the arrest was made without probable cause."

In the case of *Bristow v. Clevenger*, 80 F.Supp.2d 421, 436 (M.D.Pa. 2000), the court stated that an arrest is defined as:

> "the taking, seizing, or detaining of the person of another, (1) by touching or putting hands on the arrestee; (2) or by any act that indicates an intention to take the arrestee into custody and that subjects the arrestee to the actual control and will of the person making the arrest; or (3) by the consent of the person to be arrested. There can be no arrest where there is no restraint and the restraint must be under real or pretended legal authority. However, the detention of a person need not be accompanied by formal words of arrest or station house booking in order to constitute 'arrest.' Whether the restraint or detainment was sufficient to rise to the level of arrest will in many cases turn on the length of the detention, and the degree of restraint. The ultimate inquiry is simply whether there is a formal arrest or restraint on freedom of movement of the degree associated with formal arrest."[9]
>
> As articulated by the Court of Appeals in *Berg v. County of Allegheny,* 219 F.3d 261, 269 (2000), "[a] person is seized for

---

[9]The court in *Bristow* was quoting 5 Am.Jur.2d *Arrest* § 2 (1995).

Fourth Amendment purposes only if he is detained by means intentionally applied to terminate his freedom of movement."

We find that Plaintiff's allegations sufficiently state false arrest claims against Defendants Hanuska and Bixler since Plaintiff alleges that both Defendants arrested and detained him without probable cause (Doc. 1, ¶'s 19, 20, 28).

However, Plaintiff fails to allege that Defendant Shaffer made any false statements or omissions regarding either the parole arrest warrant issued against him on June 24, 2007, or the June 24, 2007 re-arrest of Plaintiff on the June 4, 2007 charges. Furthermore, Defendant Shaffer is not alleged to have personally obtained the arrest warrant nor is he alleged to have had any direct role in Plaintiff's arrest on June 24, 2007, by Defendant Bixler. Rather, Plaintiff only alleges that Defendant Shaffer contacted Defendant Bixler to arrest him again in order to detain him. (*Id.*, ¶ 30). Plaintiff states that he was already in custody on June 24, 2007, on a parole warrant and that he was held in the police station for several hours while he was waiting to be re-arrested on the June 4, 2007 charges at the request of Defendant Shaffer.

As a result, it will be recommended that the false arrest claim under § 1983 against Defendant Shaffer be dismissed.

*E. § 1983 False Imprisonment Claims Under the Fourth Amendment*

Plaintiff brings false imprisonment claims against Defendants Hanuska and Bixler presumably based on his allegations that he was detained without probable cause on both June 4, 2007 and June 24, 2007. (*Id.*, ¶'s 11, 12, 16, 24, 28, 29).

"[W]here the police lack probable cause to make an arrest, the arrestee has a claim under § 1983 for false imprisonment based on a detention pursuant to that arrest." *Groman v. Twp. of Manalapan,* 47 F.3d 628, 636 (3d Cir.1995).

As discussed above, we find that Plaintiff's allegations are sufficient to state a claim that Defendants Hanuska and Bixler lacked probable cause before making the arrests on June 4, 2007 and June 24, 2007. As *Groman* shows, Plaintiff can also recover for his subsequent detention following an arrest without probable cause. As a result, will be recommended that Plaintiff's false imprisonment claims against Defendants Hanuska and Bixler be allowed to proceed.

### F. Equal Protection Claims Under the Fourteenth Amendment

Plaintiff asserts Equal Protection claims under the Fourteenth Amendment against Defendants Hanuska, Bixler, and Shaffer. Plaintiff alleges that Defendant Hanuska subjected him to selective law enforcement practices by profiling him based on his license plate and the N.C.I.C. report, which showed his prior dealing with the law.[10] (*Id.*, ¶'s 16, 24, 25, 29, 30, 33). Plaintiff avers that Defendant Bixler re-arrested him on June 24, 2007 with respect to the June 4, 2007 charges and that Bixler had no direct knowledge of the June 4, 2007 events. Plaintiff alleges that Defendant Shaffer improperly contacted Defendant Bixler on June 24, 2007, and requested that he be re-arrested on the June 4, 2007 charges so that Shaffer could detain him.

In *Rose v. Mahoning Twp.*, 2008 WL 918514, *6 (M.D. Pa.), the Court stated:

> "In order to prevail on an equal protection claim... plaintiff must establish that he is a member of a protected class and similarly situated to others not within the protected class who were not

---

[10] In his Complaint, Plaintiff alleges that Defendant Hanuska "subjected [him] to selective law enforc[e]ment practices involving profiling." (Doc. 1, ¶ 16). Plaintiff also alleges that he "suffered equal protections of the law...and selective law enforcement practices...in violation of the Fourteenth Amendment." (*Id.*, ¶ 24). For present purposes, we will treat these allegations as an Equal Protection claim under the Fourteenth Amendment.

prosecuted. *See Carrasca v. Pomeroy*, 313 F.3d 828, 834 (3d Cir. 2002). Thus, plaintiff does not have to establish that he was innocent of the underlying charge, or that the state court judgment was invalid, but merely that others similarly situated, but

not within the protected class, were not prosecuted."

In the case of *Jefferson v. Wolfe*, 2006 WL 1947721, * 15 (W.D. Pa.), the Court stated:

"as a threshold matter, in order to establish an equal protection violation, the plaintiff must ' . . . demonstrate that [he has] been treated differently by a state actor than others who are similarlysituated simply because [he] belongs to a particular protected class.'" *(Citing Keevan v. Smith*, 100 F.3d 644, 648 (8th Cir. 1996).

The elements of a § 1983 equal protection claim require Plaintiff to state Defendants intended to discriminate against him, and later to prove this by either direct or circumstantial evidence. *See Pa. v. Flaherty*, 983 F. 2d 1267 (3d Cir. 1993) (Intent is a *prima facie* element of a § 1983 equal protection claim of discrimination) (citing *Washington v. Davis*, 426 U.S. 229 (1976). *See also Williams v. Pa. State Police*, 108 F. Supp. 2d 460, 471 (E.D. Pa. 2000) ("to prevail on a § 1983 claim, a plaintiff must prove that the Defendant intended to discriminate") (citation omitted).

The Equal Protection Clause does not require that all persons be treated alike, but instead, a plaintiff must show that the differential treatment to those similarly situated was unreasonable, or involved a fundamental interest or individual discrimination. *Tigner v. Texas*, 310 U.S. 141, 147 (1940); *Price v. Cohen*, 715 F.2d 87, 91 (3d Cir. 1983), *cert. denied*, 465 U.S. 1032 (1984). It is well-settled that a litigant, in order to establish a viable equal protection claim, must show an intentional or purposeful discrimination. *Snowden v. Hughes*, 321 U.S. 1, 8 (1944); *Wilson v. Schillinger*, 761 F.2d 921, 929 (3d Cir. 1985), *cert. denied*, 475 U.S. 1096 (1986); *E & T Realty v. Strickland*, 830 F.2d 1107, 1113-14 (11th Cir. 1987), *cert. denied*

485 U.S. 961 (1988). This "state of mind" requirement applies equally to claims involving (1) discrimination on the basis of race, religion, gender, alienage or national origin, (2) the violation of fundamental rights, and (3) classifications based on social or economic factors. *See, e.g., Britton v. City of Erie*, 933 F. Supp. 1261, 1266 (W.D. Pa. 1995), *aff'd*, 100 F.3d 946 (3d Cir. 1996); *Adams v. McAllister*, 798 F. Supp. 242, 245 (M.D. Pa.), *aff'd*. 972 F.2d 1330 (3d Cir. 1992).

As the Court in *Barnes Foundation v. Township of Lower Merion*, 942 F.Supp. 970, 983 (E.D. Pa. 1997), stated:

> The Equal Protection Clause of the Fourteenth Amendment of the United States Constitution provides that "[n]o State shall ... deny to any person within its jurisdiction the equal protection of the laws." U.S. Const. Amend. XIV, § 1. The Equal Protection Clause announces the "fundamental principle" that "the State must govern impartially," *New York City Transit Auth. v. Beazer*, 440 U.S. 568, 587, 99 S.Ct. 1355, 1367, 59 L.Ed.2d 587 (1979), and "is essentially a direction that all persons similarly situated should be treated alike." *City of Cleburne v. Cleburne Living Ctr.*, 473 U.S. 432, 439, 105 S.Ct. 3249, 3254, 87 L.Ed.2d 313 (1985).

The Court in *Porter v. Grace*, 2006 WL 680820, *2 (M.D. Pa.), considered an equal protection claim and stated:

> "An equal protection claim arises when an individual contends that he is receiving different treatment from that received by other individuals similarly situated." *Kuhar v. Greensburg-Sale School Dist.*, 616 F.2d 676, 677 n. 1 (3d Cir. 1980). Inasmuch as the Petitioner has not alleged that he was treated differently than others similarly situated, his equal protection claim must fail."

In *Mendoza v. Meisel*, 270 Fed. Appx. 105, 107-108 (3d.Cir. Pa. 2008), the Court stated that Plaintiff must allege "that he was treated differently from other people who are similarly situated, which is necessary to state an equal protection claim.

18

Regarding Plaintiff's Equal Protection claim against Defendant Hanuska, Plaintiff alleges that Defendant Hanuska discriminated against him by profiling him based on his past run-ins with the law which showed up on the N.C.I.C. report the Defendant requested, without probable cause, by running the Plaintiff's license plate number through the database. (*Id.*, ¶ 16). These allegations do not state that Plaintiff was in a protected class nor do they show discrimination based on race, religion, gender, alienage, or national origin. Furthermore, Plaintiff does not allege that he was treated differently by Defendant Hanuska than other similarly situated persons, even if Plaintiff was construed to be in a protected class. Simply put, Plaintiff fails to state that he was similarly situated to others who were not in a protected class and who were not prosecuted. Thus, there is no cognizable equal protection claim stated by Plaintiff and therefore, his Equal Protection claim against Defendant Hanuska should be dismissed.

With respect to Defendants Bixler and Shaffer, Plaintiff fails to make any allegations sufficient to state Equal Protection claims under the Fourteenth Amendment. There are no allegations of discrimination against the Plaintiff by these two Defendants, nor any allegations that Plaintiff was treated differently from others who were similarly situated. Therefore, it will be recommended that Plaintiff's Equal Protection claims against Defendants Bixler and Shaffer also be dismissed.[11]

---

[11]We find futility of any amendment of Plaintiff's Equal Protection claims, and we shall not recommend Plaintiff be granted leave to amend these claims. *See Forman v. Davis*, 371 U.S. 178, 182 (1982); *Shane v. Fauver*, 213 F.3d 113, 115 (3d Cir. 2000) (The futility exception means that a complaint, as amended, would fail to state a claim upon which relief can be granted); *Alston v. Parker*, 363 F. 3d 229, 236 (3d Cir. 2004); *White v. Probation Office*, 2008 WL 3837045, *4 (M.D. Pa.) (citation omitted).

### G. Due Process Claims Under the Fourteenth Amendment

Plaintiff claims that Defendants Hanuska, Bixler and Shaffer deprived him of his liberty interest which is protected under the Due Process Clause of the Fourteenth Amendment. (Doc. 1, ¶'s 24, 29, 33). Plaintiff presumably supports this claim with his allegations that he was arrested without probable cause on June 4, 2007 and on June 24, 2007. (*Id.*, ¶'s 16, 28, 32).

The types of protected liberty interests are not unlimited. The interest must rise to more than an abstract need or desire and must be based on more than a unilateral hope. Rather, an individual claiming a protected interest must have a legitimate claim of entitlement to it. *Greenholtz v. Inmates of Nebraska Penal and Correctional Complex,* 442 U.S. 1, 7 (1979) (citation omitted). In this regard, a liberty interest may arise either from the Due Process Clause itself, or from a statute, rule, or regulation. *Hewitt v. Helms,* 459 U.S. 460, 466 (1983).

Furthermore, the United States Supreme Court has held that an arrest without probable cause does not constitute a violation of an arrestee's substantive due process rights. *Albright v. Oliver*, 510 U.S. 266, 114 S. Ct. 807 (1994); *Wright v. City of Philadelphia*, 409 F.3d 595, 601 (3d Cir. Pa. 2005); *DiBella v. Borough of* Beachwood, 407 F.3d 599, 602 (3d Cir. N.J. 2005); *Gallo v. City of Philadelphia*, 161 F.3d 217, 224 (3d Cir. Pa. 1998).

As *Albright* shows, Plaintiff's allegations do not state Due Process claims under the Fourteenth Amendment since Plaintiff seemingly alleges that his arrest without probable cause deprived him of his liberty interest. As a result, it will be recommended that Plaintiff's Due Process claims against Defendants Hanuska, Bixler, and Shaffer be dismissed.[12]

---

[12]We also find futility of any amendment of this claim, and we shall not recommend Plaintiff be granted leave to amend his action with respect to this claim. *See Forman*,

*H. §1985(3) Conspiracy Claim*

In his Complaint, Plaintiff alleges that Defendants Bixler and Shaffer entered into a conspiracy on June 24, 2007, while he was in police custody on a parole warrant, to re-arrest him on the June 4, 2007 charges, and commence a subsequent judicial process for "personal reasons" and not for bringing him to justice. (Doc. 1*, ¶*'s 27, 32). Plaintiff stated that Defendant Bixler, a police detective, wrote an affidavit of probable cause on June 24, 2007, based on the aforementioned events of June 4, 2007

because Defendant Shaffer, a parole officer, requested that he do this so that Defendant Shaffer would be able to detain Plaintiff. (*Id.*, ¶'s 28, 30).

As stated, Plaintiff raises a conspiracy claim against Defendants Bixler and Shaffer under 42 U.S.C. § 1985(3). As the Court in *Garrett v. Nesbitt*, 1998 WL 531841 at *3 (E.D. Pa.)*,* stated:

> Although § 1985(3) reaches "purely private" conspiracies, no cause of action exists when the private conspiracy interferes with rights that may only be abridged by state action. *See Bray v. Alexandria Women's Health Clinic*, 506 U.S. 263, 268, 113 S.Ct. 753, 122 L.Ed.2d 34 (1993) (citing *Carpenters*, 463 U.S. at 833 (1983)). In addition, in order to prove a
> private conspiracy under § 1985(3), the plaintiff must show that "some racial, or perhaps otherwise class-based, invidiously discriminatory animus [lay] behind the conspirators' action." *Id.* (quoting *Griffin v. Breckenridge*, 403 U.S. 88, 102, 91 S.Ct. 1790, 29 L.Ed.2d 338 (1971).
>
> There is no presumption of discriminatory purpose, and a plaintiff must clearly show intentional discrimination. *See DeBotton v. Marple Township*, 689 F.Supp. 477, 482 (E.D. Pa. 1988).

---

*supra*; *Shane*, *supra*; *Alston*, *supra*; *White*, *supra*.

The Plaintiff has not alleged any discriminatory purpose with respect to his § 1985(3) claim against Defendants Bixler and Shaffer.[13] There is no claim by Plaintiff of a discriminatory purpose. Also, the alleged conspiracy is between two state actors and not private individuals. The Plaintiff has also failed to allege facts sufficient to state a § 1985(3) claim against any Defendant since Plaintiff has not identified any specific conduct (other than the issuing of the arrest warrant) by these Defendants which was taken in furtherance of the alleged conspiracy to have Plaintiff incarcerated. *See Garrett, supra.* at * 4.

Therefore, it will be recommended that Plaintiff's § 1983(3) conspiracy claims against Defendants Bixler and Shaffer be dismissed.[14]

*I. Use of Excessive Force Claim Under the Fourth Amendment*

Plaintiff raises a use of excessive force claim under the Fourth Amendment against Defendant Hanuska. (*Id.,* ¶ 18).

The standard governing excessive force claims in the course of an arrest, investigatory stop or other type of seizure, is specified by the United States Supreme Court in *Graham v.*

_____

[13]     The Court, in *Garrett v. Nesbitt*, 1998 WL 531841 at * 3 (E.D. Pa.), stated:

> In order to state a claim for violation of § 1985(3), a plaintiff must allege four elements: (1) a conspiracy; (2) for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws; and (3) an act in furtherance of the conspiracy; (4) whereby a person is either injured in his person or property or deprived of any right or privilege of a citizen of the United States. *See United Brotherhood of Carpenters and Joiners of Am. v. Scott*, 463 U.S. 825, 828-29, 103 S.Ct. 3352, 77 L .Ed. 2d 1049 (1983).

[14]Since we find futility of any amendment of this conspiracy claim, we shall not recommend Plaintiff be granted leave to amend his action with respect to this claim.  *See Forman, supra*; *Shane, supra*; *Alston, supra*; *White*, *supra*.

*Connor*, 490 U.S. 386, 109 S. Ct. 1865 (1989). Pursuant to *Graham*, excessive force claims are analyzed under the Fourth Amendment's objective reasonableness standard. (*Id*.). Thus, Plaintiff's excessive force claim must be considered under the Fourth Amendment's reasonableness standard.

"A claim for excessive force under the Fourth Amendment requires a plaintiff to show that a seizure occurred and that it was unreasonable. *Curley v. Klem*, 298 F.3d 271, 279 (3d Cir. 2002); *Rivas v. City of Passaic*, 365 F.3d 181 (3d Cir. 2004). A seizure of the plaintiff occurs "[w]henever an officer restrains the freedom of [the plaintiff] to walk away." *Tennessee v. Garner*, 471 U.S. 1, 7, 105 S. Ct. 1694 (1985).

The Third Circuit in *Rivas v. City of Passaic*, 365 F.3d 181, 198 (3d Cir. 2004),[15] stated:

> An excessive force claim must be evaluated "from the perspective of a reasonable officer on the scene, rather than with the 20/20 vision of hindsight" and "must embody the allowance for the fact that police officers are often forced to make split-second judgments -- in circumstances that are often tense, uncertain, and rapidly evolving -- about the amount of force that is necessary in a particular situation." *Graham*, 490 U.S. at 396-97, 109 S. Ct. 1865.
>
> The inquiry turns on "objective reasonableness," meaning that the standard is whether the police officer's "actions [were] 'objectively reasonable' in light of the facts and circumstances" facing the officer, regardless of the officer's intent or motivation. *Id.* at 397, 109 S. Ct. 1865.

In the context of a § 1983 claim, as we are presented with in this case, there is a three-part test to be applied in determining the reasonableness of the force which was used. The following factors are to be considered:

1. "the severity of the crime at issue;"

---

[15]*Rivas* is also found at 2004 WL 877645.

> 2. "whether the suspect poses an immediate threat to the safety      of the officers or others;" and
> 3. "whether [the arrestee] is actively resisting arrest or attempting      to evade arrest by flight. "

*Graham,* 490 U.S. at 396, 109 S. Ct. at 1867.

The *Rivas* Court stated that:

> Additional factors include "the possibility that the persons subject to the police action are themselves violent or dangerous, the duration of the action, whether the action takes place in the context of effecting an arrest, the possibility that the suspect may be armed, and the number of persons with whom the police officers must contend at one time." *Sharrar v. Felsing*, 128 F.3d 810, 822 (3d Cir. 1997). The reasonableness of the use of force is normally an issue for the jury. *See Abraham v. Raso*, 183 F.3d 279, 290 (3d Cir. 1999). While some courts "freeze the time frame" and consider only the facts and circumstances at the precise moment that excessive force is applied, other courts, including this one, have considered all of the relevant facts and circumstances leading up to the time that the officers allegedly used excessive force. *See, e.g., Abraham*, 183 F.3d at 291.

*Rivas*, 365 F.3d at 198.

Plaintiff's Complaint is devoid of any allegations that the amount of force used by Defendant Hanuska was excessive or unreasonable during Plaintiff's investigatory stop, arrest or detainment on June 4, 2007. (Doc. 1, ¶'s 3-11). As a result, it will be recommended that Plaintiff's Fourth Amendment excessive force claim against Defendant Hanuska be dismissed.[16]

---

[16] Since we find futility of any amendment of this excessive force claim, we shall not recommend Plaintiff be granted leave to amend his action with respect to this claim. *See Forman, supra*; *Shane, supra*; *Alston, supra*; *White*, *supra*.

*J. Illegal Search and Seizure Claim Under the Fourth Amendment*

Plaintiff asserts an illegal search and seizure claim against Defendant Hanuska and John Doe Defendant(s) by alleging that they "ransacked" his vehicle on June 4, 2007, and searched his person without probable cause. (Doc. 1, ¶'s 10-11).

"The Fourth Amendment protects against governmental invasions of a person's legitimate expectations of privacy, of which there are two components: the actual expectation of privacy and the subjective expectation equal to what society would deem reasonable." *Smith v. Maryland*, 442 U.S. 735, 740 (1979).

The United States Supreme Court stated in *Almeida-Sanchez v. U.S.*, 413 U.S. 266, 93 S. Ct. 2535 (1973), stated:

> "It is settled, of course, that a stop and search of a moving automobile
> can be made without a warrant. That narrow exception to the
> warrant requirement was first established in *Carroll v. United
> States*, 267 U.S. 132, 45 S.Ct. 280, 69 L.Ed. 543. The Court in
> *Carroll* approved a portion of the Volstead Act providing for
> warrantless searches of automobiles when there was probable
> cause to believe they contained illegal alcoholic beverages. The
> Court recognized that a moving automobile on the open road
> presents a situation 'where it is not practicable to secure a
> warrant because the vehicle can be               quickly moved
> out of the locality or jurisdiction in which the warrant must be
> sought.' *Id.*, at 153, 45 S.Ct., at 285. *Carroll* has been followed
> in a line of subsequent cases, but the *Carroll* doctrine does not
> declare a field day for the police in searching automobiles.
> Automobile or no automobile, there must be probable cause for
> the search."

As Mr. Justice White wrote for the Court in *Chambers v. Maroney*, 399 U.S. 42, 51, 90 S.Ct. 1975, 1981 (1970): "In enforcing the Fourth Amendment's prohibition against unreasonable searches and seizures, the Court has insisted upon probable cause as a minimum requirement for a reasonable search permitted by the Constitution."

In *White*, *supra* at *8, the Court stated:

> Unlawful search and seizure claims require proof of an unconstitutional invasion of a plaintiff's "reasonable expectation of privacy" or a deprivation of his or her interest in property. *See Soldal v. Cook County*, 506 U.S. 56, 62-64 (1992); *Rakas v. Illinois*, 439 U.S. 128, 133-35 (1978) (citing *Alderman v. United States*, 394 U.S. 165, 174 (1969)). Occupants of a hotel room possess a reasonable expectation of privacy in the contents of the room for the duration of their stay. *See United States v. Booker*, No. Crim. 05-313, 2005 WL 2217023, *4 (D.N.J. Sept. 9, 2005) (citing *Hoffa v. United States*, 385 U.S. 293, 301 (1966)). Law enforcement officials must demonstrate probable cause and obtain a warrant prior to searching an area in which an individual possesses a reasonable expectation of privacy unless an exception to the warrant requirement covers the search. *United States v. Lockett*, 406 F.3d 207, 211 (3d Cir. 2005).

We find that Plaintiff's allegations are sufficient to state claims for illegal search and seizure of his person and his car under the Fourth Amendment against Defendant Hanuska since he alleges the search of his vehicle and person was done without probable cause, which is the minimum requirement for a lawful search as required by *Chambers*. As a result, it will be recommended that Plaintiff's Fourth Amendment illegal search and seizure claims against Defendant Hanuska proceed.[17]

## VII. Recommendation.

Based on the foregoing, we respectfully recommend that Plaintiff's claims of use of excessive force, false imprisonment, due process, equal protection, and malicious prosecution against Defendant Hanuska be dismissed without leave to amend these

---

[17] As stated above, we will recommend that the John Doe Defendant(s) be dismissed without prejudice.

claims. We recommend that Plaintiff's Fourth Amendment claims of false arrest and illegal search and seizure against Defendant Hanuska be allowed to proceed. We recommend that Plaintiff's claims of a §1985(3) conspiracy, due process, false imprisonment and equal protection against Defendant Bixler be dismissed without leave to amend. We recommend that Plaintiff's Fourth Amendment claim of false arrest against Defendant Bixler be allowed to proceed. We recommend that all claims against Defendant Shaffer be dismissed without leave to amend.

Furthermore, we recommend that all official capacity claims against the remaining Defendants be dismissed to the extent that Plaintiff seeks monetary damages. We recommend that all Defendant(s) John Doe(s) be dismissed without prejudice. We also recommend that Plaintiff's claim for damages for emotional distress be dismissed since no physical injury was alleged. Finally, we recommend that to the extent Plaintiff raises pendant state law tort claims, they be dismissed.


          **s/ Thomas M. Blewitt**
          **THOMAS M. BLEWITT**
          **United States Magistrate Judge**
**Dated: June 26, 2009**

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

STEWART C. SMITH,   :  CIVIL ACTION NO. **1:CV-09-0889**
         :
   Plaintiff    :  (Judge Conner)
         :
   v.      :  (Magistrate Judge Blewitt)
         :
OFFICER JOHN HANUSKA,  :
et al.,        :
         :
   Defendants  :

## NOTICE

**NOTICE IS HEREBY GIVEN** that the undersigned has entered the foregoing

**Report and Recommendation** dated **June 26, 2009.**

Any party may obtain a review of the Report and Recommendation pursuant to

Rule 72.3, which provides:

> Any party may object to a magistrate judge's proposed findings,
> recommendations or report addressing a motion or matter described in
> 28 U.S.C. § 636 (b)(1)(B) or making a recommendation for the
> disposition of a prisoner case or a habeas corpus petition within ten (10)
> days after being served with a copy thereof.  Such party shall file
> with the clerk of court, and serve on the magistrate judge and all
> parties, written objections which shall specifically identify the
> portions of the proposed findings, recommendations or report to which
> objection is made and the basis for such objections.  The briefing
> requirements set forth in Local Rule 72.2 shall apply.  A judge shall
> make a *de novo* determination of those portions of the report or
> specified proposed findings or recommendations to which objection
> is made and may accept, reject, or modify, in whole or in part, the findings
> or recommendations made by the magistrate judge.  The judge, however,
> need conduct a new hearing only in his or her discretion or where
> required by law, and may consider the record developed before the

magistrate judge, making his or her own determination on the basis of that record.  The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

s/ Thomas M. Blewitt
**THOMAS M. BLEWITT**
**United States Magistrate Judge**

**Dated: June 26 2009**