**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **STEWART C. SMITH,** | : | **CIVIL ACTION NO. 1:09-CV-0889** |
| | : | |
| **Plaintiff** | : | **(Judge Conner)** |
| | : | |
| **v.** | : | |
| | : | |
| **JOHN HANUSKA,** *et al.*, | : | |
| | : | |
| **Defendants** | : | |

## ORDER

AND NOW, this 11th day of September, 2009, upon consideration of the

report of the magistrate judge (Doc. 11), to which objections were filed, (see Doc.

19), recommending that plaintiff's complaint be dismissed in part pursuant to 28

U.S.C. § 1915, and, following an independent review of the record, it appearing that

the magistrate judge correctly identified claims that plaintiff failed to adequately

plead, but that the recommendation does not include a provision allowing plaintiff

to amend his complaint,[1] and that the report lacks clarity regarding the

---

[1] The Third Circuit has consistently held that when a *pro se* prisoner's
complaint is inadequately pled, the plaintiff must be afforded an opportunity to
amend. See Darr v. Wolfe, 767 F.2d 79, 81 (3d Cir. 1985) ("[W]hen an individual has
filed a complaint under § 1983 which is dismissible for lack of factual specificity, he
should be given a reasonable opportunity to cure the defect, if he can, by
amendment of the complaint and . . . denial of an application for leave to amend
under these circumstances is an abuse of discretion."); see also Grayson v. Mayview
State Hosp., 293 F.3d 103, 108 (3d Cir. 2002) (holding that a *pro se* litigant must be
informed of his right to amend a complaint when doing so may potentially cure any
deficiencies therein).  Accordingly, plaintiff has a right either to amend his
complaint and address the deficiencies outlined in the magistrate judge's report
and recommendation (Doc. 11) or to stand on his complaint without amendment.

recommended disposition of plaintiff's false imprisonment claim,[2] it is hereby

ORDERED that:

1.    The report and recommendation of the magistrate judge (Doc. 11) is ADOPTED in part and REJECTED in part as follows:

    a.    The report is ADOPTED insofar as it recommends that plaintiff be permitted to proceed with the following: (1) false arrest claims against defendants John Hanuska ("Hanuska") and David Bixler ("Bixler"), and (2) a claim asserting illegal search and seizure by defendant Hanuska.

    b.    The report is ADOPTED insofar as it recommends that plaintiff's claims alleging conspiracy, violations of due process,

---

[2] The discussion section of the magistrate judge's memorandum recommends that plaintiff's false imprisonment claim against defendant's Hanuska and Bixler be allowed to proceed. (Doc. 11 at 16). In the report's conclusion section, however, the magistrate judge appears to recommend that the false imprisonment claim be dismissed. (Id. at 26-27.) In light of the conflicting recommendations regarding plaintiff's false imprisonment claim, and because the claim appears well-pled on its face, this claim will be allowed to proceed.

violations of equal protection,[3] malicious prosecution,[4] excessive force,[5] and violations of various state laws be dismissed.

c.   The report is REJECTED insofar as it does not afford plaintiff an opportunity to amend his complaint, see Grayson v. Mayview State Hosp., 293 F.3d 103, 108 (3d Cir. 2002) (holding that a *pro se* litigant must be informed of his right to amend a complaint when doing so may potentially cure any deficiencies therein),

---

[3] In his objections (Doc. 19) to the report and recommendation, plaintiff concedes to the dismissal of each of these claims. (Id. at 4.)

[4] Plaintiff objects to dismissal of the malicious prosecution claim, which stems from his June 4, 2007 arrest. (See Doc. 19 at 1.) To state a claim for malicious prosecution a plaintiff must demonstrate that "(1) the defendant initiated a criminal proceeding; (2) the criminal proceeding ended in his favor; (3) the defendant initiated the proceeding without probable cause; (4) the defendant acted maliciously or for a purpose other than bringing the plaintiff to justice; and (5) the plaintiff suffered deprivation of liberty consistent with the concept of seizure as a consequence of a legal proceeding." Johnson v. Knorr, 477 F.3d 75, 82 (3d Cir. 2007); O'Malley v. Lukowich, No. 3:08-CV-0680, 2008 WL 4861477, at *7 (M.D. Pa. Nov. 7, 2008). Plaintiff fails to allege that he suffered a deprivation of liberty as a result of the June 2007 arrest, (see Doc. 1 at 2); thus, his claim is insufficient on its face.

[5] As the Third Circuit stated in Curley v. Klem, "the relevant inquiry [in an excessive force claim] is 'the reasonableness of the officer's belief as to the appropriate level of force[,]' which 'should be judged from [the officer's] on-scene perspective,' and not in the '20/20 vision of hindsight." 499 F.3d 199, 206 (3d. Cir. 2007) (quoting Saucier v. Katz, 533 U.S. 194, 205 (2001)). Plaintiff alleges that Hanuska's conduct was excessive when he knocked twice on plaintiff's car window, twice ordered him to roll down the window, and temporarily confiscated plaintiff's cellular telephone. Absent from these allegations is any contention that plaintiff was harmed. See Giles v. Kearney, 571 F.3d 318, 326 (3d. Cir. 2009) ("The test for whether a claim of excessive force is constitutionally actionable is 'whether force was applied in a good faith effort to maintain or restore discipline or maliciously and sadistically for the very purpose of causing harm. The relevant factors for a court to consider are: (1) the need for the application of force; (2) the relationship between the need and the amount of force that was used; (3) the extent of injury inflicted; (4) the extent of the threat to the safety of staff and inmates, as reasonably perceived by the responsible officials on the basis of the facts known to them; and (5) any efforts made to temper the severity of a forceful response." (internal citations omitted)). Plaintiff's excessive force claim is therefore deficient on its face because the above-described allegations fail to explain how defendant's conduct worked any injury upon plaintiff.

and insofar as it recommends dismissal of plaintiff's false imprisonment claim against defendants Hanuska and Bixler.

2.      Plaintiff shall be permitted to file, on or before October 9, 2009, an amended complaint that complies with this order.

3.      The above-captioned case is REMANDED to the magistrate judge for further proceedings.

 

 

__S/ Christopher C. Conner__
CHRISTOPHER C. CONNER
United States District Judge