IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| STEWART C. SMITH, | : | CIVIL ACTION NO. **1:CV-09-0889** |
| Plaintiff | : | (Judge Conner) |
| v. | : | (Magistrate Judge Blewitt) |
| OFFICER JOHN HANUSKA, et al., | : | |
| Defendants | : | |

**REPORT AND RECOMMENDATION**

**I. Background.**

On May 11, 2009, Plaintiff, Stewart C. Smith, while an inmate at the State Correctional Institution at Albion ("SCI-Albion"), Albion, Pennsylvania[1], filed, *pro se*, the instant civil rights action pursuant to 42 U.S.C. § 1983 and § 1985(3). (Doc. 1). Plaintiff properly filed his action in the United States District Court for the Middle District of Pennsylvania since his claims took place in the Middle District of Pennsylvania, *i.e.* West Manchester Township, York County, Pennsylvania, and all named Defendants were located in the Middle District of Pennsylvania. Plaintiff filed two *in forma pauperis* Motions. (Docs. 2 and 7). Plaintiff did not complain about any conditions of confinement, and his present action is not related to his incarceration. (Doc.1, p. 1).

Plaintiff named the following four (4) Defendants: Police Officer John Hanuska; Detective David Bixler; PA State Parole Agent Brian Shaffer; and Police Officer(s) John Doe(s). (*Id.*). Defendants Hanuska and Bixler were employed by the West Manchester

---

[1] On July 15, 2009, Plaintiff notified the Court of his new address, 27 N. Cameron Street, Harrisburg, Pennsylvania. (Doc. 13). Thus, it appears that Plaintiff is no longer an inmate.

Township Police Department.

Plaintiff averred that on June 4, 2007, Defendant Hanuska, a police officer, subjected Plaintiff to profiling based on Plaintiff's prior dealings with the law by running Plaintiff's license plate through the National Crime Information Center (NCIC) without probable cause nor reasonable suspicion of criminal activity. (*Id.,* ¶ 18). Plaintiff alleged that at the relevant time, he was merely sitting in his car at the side of the road in order to speak on the phone. (*Id.*, ¶ 1). Plaintiff stated that he was subsequently arrested and his vehicle was "ransacked" by Defendant Hanuska "along with John Doe(s)." (*Id.*, ¶'s 11-12). Plaintiff also stated that Defendant Hanuska articulated added facts at both a preliminary hearing and a suppression hearing that were not included in the affidavit of probable cause. (*Id.*, ¶'s 19-20). Plaintiff averred that the suppression (state) court judge ruled that the officer's actions were not justified and dismissed the criminal charges filed against him. (*Id.*, ¶ 21).

Plaintiff claimed that the alleged acts by Defendant Hanuska subjected him to the "use of excessive force, false arrest, illegal search and seizure, false imprisonment...emotional injuries including mental distress and anguish, loss of liberty, loss of employment, [un]equal protection of the law, malicious prosecution, and selective law enforcement practices all in violation of the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution." (*Id.*, ¶'s 18, 24). Plaintiff also claimed that these acts violated his civil and constitutional rights under color of state law pursuant to 42 U.S.C. § 1983. (*Id.,* ¶ 23).

Plaintiff averred that Defendants Bixler and Shaffer, in order to have him imprisoned for violating his parole, entered into a conspiracy on June 24, 2007, in violation of § 1985(3), to secure an arrest warrant and commence the subsequent judicial process, for reasons other than bringing Plaintiff to justice and without probable cause. (*Id.,* ¶'s 27, 32). Plaintiff stated

that Defendant Bixler, a police detective, wrote an affidavit of probable cause on June 24, 2007 based on the aforementioned events of June 4, 2007 because Defendant Shaffer, a state parole officer, requested that he do this so that Defendant Shaffer would be able to detain Plaintiff for violating his parole. (*Id.*, ¶'s 28, 30). Plaintiff claimed Defendant Bixler had no direct knowledge or involvement in the events of June 4, 2007, and that Bixler's affidavit resulted in Plaintiff's illegal confinement. (*Id.,* ¶ 25). Plaintiff claimed that the alleged acts by Defendant Bixler constitute a violation of 42 U.S.C. § 1985(3) and, as a result of these acts, he has "suffered emotional injuries including mental distress and anguish, loss of liberty, loss of employment, false arrest, false imprisonment, equal protection of the law, [and lack of] due process, all in violation of the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution." (*Id.,* ¶'s 28-29).

Plaintiff claimed the alleged acts by Defendant Shaffer, *i.e* contacting the West Manchester Police Department requesting Plaintiff's arrest so he could be detained, resulted in him suffering "emotional injuries including mental distress and anguish, loss of liberty, false arrest, malicious prosecution, equal protection of the law and abuse of the judicial process for personal use not authorized by the state to effectuate Plaintiff's loss of liberty in an arbitrary fashion in violation of the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution. (*Id.*, ¶ 33). Plaintiff stated that, "on June 24, 2007, Plaintiff was already in custody on a parole warrant and held at central booking for hours and hours awaiting to be re-arrested on charges from June 4, 2007 at the request of this agent." (*Id.*, ¶ 31).

Plaintiff averred that Defendant(s) Officer(s) John Doe(s), "ransacked" his vehicle on June 4, 2007, along with Defendant Hanuska, without probable cause nor a reasonable suspicion of criminal activity. (*Id.*, ¶ 34). Plaintiff claimed that this act constitutes a violation

3

of the Fourth Amendment to the United States Constitution. (*Id.,* ¶ 35).

After screening Plaintiff's Complaint as required by the Prison Litigation Reform Act of 1995,[2] (the "PLRA"), we issued a Report and Recommendation on June 26, 2009, in which we recommended as follows: Plaintiff's claims of use of excessive force, false imprisonment, due process, equal protection, and malicious prosecution against Defendant Hanuska be dismissed without leave to amend these claims; Plaintiff's Fourth Amendment claims of false arrest and illegal search and seizure against Defendant Hanuska be allowed to proceed; Plaintiff's claims of a §1985(3) conspiracy, due process, false imprisonment and equal protection against Defendant Bixler be dismissed without leave to amend; Plaintiff's Fourth Amendment claim of false arrest against Defendant Bixler be allowed to proceed; all claims against Defendant Shaffer be dismissed without leave to amend; all official capacity claims against the remaining Defendants be dismissed to the extent that Plaintiff seeks monetary damages; that all Defendant(s) John Doe(s) be dismissed without prejudice; Plaintiff's claim for damages for emotional distress be dismissed since no physical injury was alleged; and, to the extent Plaintiff raises pendant state law tort claims, they be dismissed. (Doc. 11).

After being granted an extension of time, Plaintiff filed Objections to our Report and Recommendations on July 21, 2009. (Doc. 19).

On September 11, 2009, the District Court issued an Order adopting in part and rejecting in part our Doc. 11 Report and Recommendation, as follows:

---

[2] Pub. L. No. 104-134, 110 Stat. 1321 (April 26, 1996).

4

> 1. The report and recommendation of the magistrate judge (Doc. 11) is ADOPTED in part and REJECTED in part as follows:
>
>> a. The report is ADOPTED insofar as it recommends that plaintiff be permitted to proceed with the following (1) false arrest claims against defendants John Hanuska ("Hanuska") and David Bixler ("Bixler"), and (2) a claim asserting illegal search and seizure by defendant Hanuska.
>>
>> b. The report is ADOPTED insofar as it recommends that plaintiff's claims alleging conspiracy, violations of due process, violations of equal protection, malicious prosecution, excessive force, and violations of various state laws be dismissed.
>>
>> c. The report is REJECTED insofar as it does not afford plaintiff an opportunity to amend his complaint, see Grayson v. Mayview State Hosp., 293 F.3d 103, 108 (3d Cir. 2002), holding that a *pro se* litigant must be informed of his right to amend a complaint when doing so may potentially cure any deficiencies therein), and insofar as it recommends dismissal of plaintiff's false imprisonment claim against defendants Hanuska and Bixler.
>
> 2. **Plaintiff shall be permitted to file, on or before October 9, 2009, an amended complaint that complies with this order**.
>
> 3. The above-captioned case is REMANDED to the magistrate judge for further proceedings.

(Doc. 21) (footnotes omitted) (emphasis added).

**II. Discussion.**

The Court specifically allowed Plaintiff to file an Amended Complaint, if he so desired, with respect to only his false imprisonment claim against Defendants Hanuska and Bixler. The Court also gave Plaintiff until October 9, 2009, to file his Amended Complaint.

The time in which Plaintiff was to have filed his Amended Complaint has expired. The Plaintiff has neither filed his Amended Complaint nor requested an extension of time in which to do so. In fact, the Court has received no filings from the Plaintiff since the September 11,

5

2009 Order. We therefore deem Plaintiff's conduct as demonstrating his intent to not pursue his action against Defendants Hanuska and Bixler.

Federal Rule of Civil Procedure 41(b) allows for the dismissal of an action for "failure of the plaintiff to *prosecute* or comply with these rules or *order of court*, . . ." (emphasis added). In the instant case, Plaintiff has failed to both prosecute his action and to comply with an Order of the Court by his failure to file his Amended Complaint as directed. Plaintiff should be deemed as abandoning his action. *See McCray v. Dauphin Co. Prison*, 2007 WL 431886 (M.D. Pa); *Nelson v. Berbanier*, 2006 WL 2853968 (M.D. Pa.); *Brown v. Louie*, Civil No. 09-0131 (M.D. Pa.).

Since we find that Plaintiff's conduct clearly shows that he intended to abandon his case, we do not find that an analysis of the factors of *Poulis v. State Farm Fire & Cas. Co.*, 747 F.3d 863, 868 (3d Cir. 1984), is required before recommending that this case be dismissed under Rule 41(b). *See Spain v. Gallegos*, 26 F.3d 439, 454-55 (3d Cir. 1994); *Guyer v. Beard*, 907 F. 2d 1424 (3d Cir. 1990)(the district court's requirement to perform an analysis under *Poulis* is obviated where Plaintiff's conduct is so egregious as to demonstrate an abandonment of his case).

As mentioned, Plaintiff Smith has taken no action with respect to his case since filing his Objections to our R&R on July 21, 2009, almost three months ago. Nor has Plaintiff requested an extension of time to comply with the Court's September 11, 2009 Order. The behavior of Plaintiff constitutes a wilful failure to prosecute his case, as opposed to a situation in which he has had problems in pursuing his case but made efforts to comply with this Court's stated Order. We find that Plaintiff's "behavior has been so egregious as to make self-evident the factual findings and analysis [of the *Poulis* factors]." *Williams v. Kort*, 223 Fed. Appx. 95,

6

103 (3d Cir. 2007). The consequences if Plaintiff failed to prosecute his case were clearly stated in the September 11, 2009 Order, namely, he would have no remaining claim against any Defendant if he failed, within the applicable time period, to file his Amended Complaint. (Doc. 21).[3]

In *Jackson v. Johnson*, 2006 WL 2136218, *1 (M.D. Pa.), the Court stated that "Fed. R. Civ. P. 41(b) allows for the dismissal of an action where the Plaintiff fails to prosecute or fails to comply with rules or orders of the court."

The *Jackson* Court also stated:

> the factors set forth in *Poulis v. State Farm Fire & Casualty Co.,* 747 F.2d 863, 868 (3d Cir.1984) [are analyzed] to determine whether dismissal of the action is appropriate in this case. The *Poulis* factors the Court should consider are: (1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party or the attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense. *Poulis,* 747 F.2d at 868. Complaint
>
> We agree with the Magistrate Judge's determination that the Plaintiff's dilatoriness outweighs any of the other considerations set forth in *Poulis,* and that Plaintiff's failure to comply with the Order of May 30, 2006 indicates that the Plaintiff has abandoned this lawsuit. Her inaction points to no other logical conclusion.

*Id*.

Thus, out of an abundance of caution, we also analyze the *Poulis* factors. We find Plaintiff Smith's stated conduct in delaying his case to be attributable to him personally.

---

[3] The docket indicates that Plaintiff received the Court's September 11, 2009 Order. (Doc. 21).

7

Plaintiff was required to have filed his Amended Complaint by October 9, 2009, if he decided to pursue his false imprisonment claim against Defendants Hanuska and Bixler. However, Plaintiff has filed nothing in response to the stated Doc. 21 Order, and he has not indicated to the Court that he wishes to pursue his case with respect to his remaining claim.

We find that Plaintiff has caused prejudice to the remaining two Defendants, since they have been named in a federal lawsuit and no action, including service of any proper pleading, has been made on them to date. While Plaintiff does not yet have a significant history of dilatoriness in this case, his present conduct in failing to prosecute his case is nonetheless evidence of dilatoriness, especially since this case cannot proceed without his compliance in the Court's September 11, 2009 Order.

Based on our discussion above, we find that the conduct of Plaintiff is wilful, especially since he has filed nothing with the Court since his July 21, 2009 Objections, and since he has failed to comply with the September 11, 2009 Order.

As stated, this case cannot proceed due to Plaintiff's conduct. Since we will recommend that Plaintiff's case be dismissed without prejudice, and since Plaintiff has not paid the filing fee, we find that other sanctions would not be effective in this case.

Thus, we find that the *Poulis* factors weigh in favor of dismissing this case without prejudice and that Plaintiff Smith's failure to comply with the Court's Order demonstrates he has abandoned his case.

## III. Recommendation.

Based on the foregoing, it is respectfully recommended that this action be dismissed on the basis of Plaintiff Smith's failure to timely file his Amended Complaint and for his failure to comply with an Order of the Court.

        **s/ Thomas M. Blewitt**
        **THOMAS M. BLEWITT**
        **United States Magistrate Judge**

**Dated: October 19 2009**

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| STEWART C. SMITH, | : | CIVIL ACTION NO. **1:CV-09-0889** |
| Plaintiff | : | (Judge Conner) |
| v. | : | (Magistrate Judge Blewitt) |
| OFFICER JOHN HANUSKA, et al., | : | |
| Defendants | : | |

# NOTICE

**NOTICE IS HEREBY GIVEN** that the undersigned has entered the foregoing **Report and Recommendation** dated **October 19 2009.**

Any party may obtain a review of the Report and Recommendation pursuant to Rule 72.3, which provides:

> Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636 (b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within ten (10) days after being served with a copy thereof. Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections. The briefing requirements set forth in Local Rule 72.2 shall apply. A judge shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the

magistrate judge, making his or her own determination on the basis of that record. The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

                                                  <u>s/ Thomas M. Blewitt</u>
                                                  **THOMAS M. BLEWITT**
                                                  **United States Magistrate Judge**

**Dated: October 19, 2009**