## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **STEWART C. SMITH** | : | **CIVIL ACTION NO. 1:09-CV-0889** |
| | : | |
| **Plaintiff** | : | **(Judge Conner)** |
| | : | |
| **v.** | : | |
| | : | |
| **OFFICER JOHN HANUSKA and** | : | |
| **DAVID BIXLER** | : | |
| | : | |
| **Defendants** | : | |

## ORDER

AND NOW, this 6th day of June, 2011, upon consideration of the second

motion for reconsideration (Doc. 109) filed by plaintiff Stewart C. Smith ("Smith")

on May 17, 2011, and the amended second motion for reconsideration (Doc. 113)

filed by Smith on June 1, 2011, wherein Smith seeks reconsideration of the

memorandum and order of court (Doc. 92) dated March 17, 2011, denying Smith's

motion for summary judgment and wherein he reasserts his argument that

summary judgment in his favor is warranted against Officer John Hanuska and

Detective David Bixler, and it appearing that a motion for reconsideration must be

filed within fourteen days after entry of the order, see L.R. 7.10 (stating that "[a]ny

motion for reconsideration . . . must be accompanied by a supporting brief and filed

within fourteen (14) days after the entry of the order concerned"), and the court

noting that the second motion for reconsideration and the amended second motion

for reconsideration were filed more than sixty days after the entry of the March 17,

2011 order, and the court concluding that the motions are untimely,[1] it is hereby

ORDERED that the second motion for reconsideration (Doc. 109) and the amended

second motion for reconsideration (Doc. 113) are DENIED.


    S/ Christopher C. Conner
CHRISTOPHER C. CONNER
United States District Judge

---

[1] Although the court possesses inherent power to reconsider its orders "when it is consonant with justice to do so," United States v. Jerry, 487 F.2d 600, 605 (3d Cir. 1973); Alea N. Am. Ins. Co. v. Salem Masonry Co. 301 F. App'x 119, 121 (3d Cir. 2008), the purpose of a motion for reconsideration is to present newly discovered evidence or to correct manifest errors of law or fact. See Harsco Corp. v. Zlotnicki, 779 F.2d 906, 909 (3d Cir. 1985). A party may not invoke a motion for reconsideration as a means to relitigate matters of disagreement with the court. See Abu-Jamal v. Horn, No. Civ. A. 99-5089, 2001 WL 1609761, at *9 (E.D. Pa. Dec. 18, 2001). Smith presents arrest and information forms with his motion (See Doc. 109), however, these documents, which have been in existence and obtainable since before the inception of this litigation, do not qualify as newly discovered evidence. Nor has Smith demonstrated that the March 17 order contains a manifest error of law or fact. Smith's second motion for reconsideration, just like his first motion for reconsideration (Doc. 98), merely seeks to relitigate a "point of disagreement between the Court and the litigant." Abu-Jamal, 2001 WL 1609761, at *9; see also Ogden v. Keystone Residence, 226 F. Supp. 2d 588, 606 (M.D. Pa. 2002).