IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **STEWART C. SMITH** : | CIVIL ACTION NO. 1:09-CV-0889 |
| : | |
| **Plaintiff** : | (Judge Conner) |
| : | |
| v. : | |
| : | |
| **OFFICER JOHN HANUSKA and** : | |
| **DAVID BIXLER** : | |
| : | |
| **Defendants** : | |

# ORDER

AND NOW, this 22nd day of July, 2011, upon consideration of the motion (Doc. 131) for entry of judgement pursuant to Federal Rule of Civil Procedure 54(b), or, in the alternative, for issuance of a certificate of appealability, filed by plaintiff Stewart Smith ("Smith"), on July 11, 2011, wherein Smith asserts that he wishes to appeal the March 17, 2011 order of the court (Doc. 92) granting summary judgment to defendant David Bixler ("Bixler"), and it appearing that the court deferred the entry of judgment in favor of Bixler pending resolution of all claims, and the court finding that pursuant to Federal Rule of Civil Procedure 54(b) the court may enter final judgment with respect to "one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay," FED. R. CIV. P. 54(b), and the court concluding that entry of final judgment in favor of defendant Bixler is unwarranted in light of the pending trial on the remaining claims, currently scheduled to commence at 9:30 a.m. on Monday, December 5, 2011, (see Doc. 118), and the court further finding that it may certify a non-final

order for interlocutory appeal under 28 U.S.C. § 1292(b) if: (1) the order "involves a controlling question of law," (2) "a substantial ground for difference of opinion" exists with regard to the issue involved, and (3) an immediate appeal "may materially advance the ultimate termination of the litigation," 28 U.S.C. § 1292(b); In re Chocolate Confectionary Antitrust Litig., 607 F. Supp. 2d 701, 704 (M.D. Pa. 2009), and the court noting that Smith failed to assert the existence of any of these prongs, and it appearing that Smith cannot establish all three prongs, and that he simply seeks to appeal a disagreement with this court's analysis, (see Doc. 126 (denying Smith's third motion for reconsideration and finding that Smith merely seeks to relitigate matters of disagreement with the court)); Elec. Mobility Corp. V. Bourns Sensors/Controls, 87 F. Supp. 2d 394, 398 (D.N.J. 2000) (stating that a court should not certify questions of relatively clear law simply because the losing party disagrees with the court's analysis), and the court concluding that an appeal would not materially advance the ultimate termination of the litigation, but would rather delay the scheduled trial and entry of final judgment, it is hereby ORDERED that the motion (Doc. 131) for entry of judgment, or, in the alternative, for issuance of a certificate of appealability is DENIED.

    S/ Christopher C. Conner  
CHRISTOPHER C. CONNER  
United States District Judge