IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **STEWART C. SMITH** | : | CIVIL ACTION NO.  1:09-CV-0889 |
| | : | |
| **Plaintiff** | : | (Judge Conner) |
| | : | |
| v. | : | |
| | : | |
| **OFFICER JOHN HANUSKA and** | : | |
| **DAVID BIXLER** | : | |
| | : | |
| **Defendants** | : | |

# **ORDER**

AND NOW, this 17th day of July, 2012, upon consideration of the motion to alter judgment (Doc. 180) filed by plaintiff Stewart C. Smith ("Smith") on January 3, 2012, and the court noting that on December 6, 2011, a jury returned a verdict in favor of defendant John Hanuska, and it appearing that the present motion is a re-titled but otherwise exact copy of Smith's prior motion for summary judgment (Doc. 132) that was ultimately denied (see Doc. 136), and that the court has since denied three motions for reconsideration of the denial of Smith's motions for summary judgment, (see Docs. 100, 113, 126), and the court finding that "[a] judgment may be altered or amended if the party seeking reconsideration establishes at least one of the following grounds: '(1) an intervening change in controlling law; (2) the availability of new evidence that was not available when the court granted the motion for summary judgment; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice,'" Sibio v. Borough of Dunmore, Civ. A. No. 3:06–CV–0095, 2007 WL 1450419, at *1 (M.D. Pa. May 15, 2007) (quoting Max's

Seafood Café, by Lou-Ann, Inc. v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999)), and the court concluding that Smith has presented no grounds upon which the court may alter the judgment, but has rather reasserted, for the fifth time, the same summary judgment arguments, it is hereby ORDERED that the motion to alter judgment (Doc. 180) is DENIED.

   S/ Christopher C. Conner
CHRISTOPHER C. CONNER
United States District Judge